UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOUTHERN-OWNERS
INSURANCE COMPANY,

    Plaintiff,

v.                                            Case No: 8:23-cv-154-TPB-JSS

MEARES PLUMBING, INC., and
MITZE RICHESON,

    Defendants.
_____/

**ORDER GRANTING "SOUTHERN-OWNERS INSURANCE
COMPANY'S MOTION FOR SUMMARY JUDGMENT"**

This matter is before the Court on Plaintiff "Southern-Owners Insurance Company's Motion for Summary Judgment and Incorporated Memorandum of Law," filed by counsel on May 23, 2023. (Doc. 23). On June 13, 2023, Defendant Meares Plumbing, Inc. filed a response in opposition. (Doc. 25). On June 27, 2023, Plaintiff filed a reply. (Doc. 27). After reviewing the motion, response, reply, court file, and the record, the Court finds as follows:

**Background**

In this declaratory judgment action, Plaintiff Southern-Owners Insurance Company requests a declaration that it has no obligation to defend or indemnify Defendant Meares Plumbing, Inc. in an underlying lawsuit filed against Meares by Defendant Mitze Richeson. In the state court suit, Ms. Richeson asserts a single negligence count against Meares, alleging that Meares provided plumbing services in her upstairs laundry room that led to a water leak and caused mold development at

her home. Meares is insured by Plaintiff. The insurance policy provides for general bodily injury and property damage but contains an endorsement that specifically excludes coverage for damages arising out of mold.

## **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is only defeated by the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

"Summary judgment is appropriate in declaratory judgment actions seeking a declaration of coverage when the insurer's duty, if any, rests solely on the applicability of the insurance policy, the construction and effect of which is a matter of law." *Joynt v. Star Ins. Co.*, 314 F. Supp. 3d 1233, 1237 (M.D. Fla. 2018) (citing *Ernie Haire Ford, Inc. v. Universal Underwriters Ins. Co.*, 541 F. Supp. 2d 1295, 1297 (M.D. Fla. 2008)).

## Analysis

Plaintiff argues that it is entitled to a declaration that it has no duty to defend or indemnify Meares in the underlying action. Although Meares has appeared in this action and filed an answer, Ms. Richeson has not appeared.

A liability insurer owes its insured two distinct duties: a duty to defend the insured against the claim, and a duty to indemnify the insured against liability. *See, e.g.*, *Lime Tree Vill. Cmty. Club Ass'n v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir. 1993). The insurer's duty to defend is "distinct from and broader than the duty to indemnify" and is determined by examining the allegations of the complaint filed against the insured. *Id.*; *Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5, 9-10 (Fla. 2004). The insurer must defend when the complaint alleges facts which fairly and potentially bring the suit within policy coverage. *Lime Tree Vill.*, 980 F.2d at 1405. Moreover, if the allegations of the complaint leave any doubt as to the duty to defend, the question must be resolved in favor of the insured. *Id.* (citing *Trizec Properties, Inc. v. Biltmore Const. Co.*, 767 F.2d 810, 812 (11th Cir. 1985); *Baron Oil Co. v. Nationwide Mut. Fire Ins. Co.*, 470 So. 2d 810, 814 (Fla. 1st DCA 1985)).

This case involves a straightforward issue of contract interpretation.[1] Section 1 of the policy generally covers bodily injury and property damage caused by an accident. The policy specifically excludes coverage for bodily injury or property

---

[1] Meares's request to conduct additional discovery, which was included as part of its response to the motion to dismiss, is denied. The Court notes that the parties appear to have conducted substantial discovery – approximately three years' worth – in the underlying state court lawsuit, including taking Ms. Richeson's deposition. More importantly, however, this case presents a rather straight-tht-forward legal issue of contract interpretation that does not rely on or require additional fact discovery.

damage arising out of mold. The 2018 and 2019 policies, in effect from July 30, 2018, to July 30, 2020, exclude:

> 1. "Bodily injury" or "property damage" arising out of, in whole or in part, the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria, whether air-borne or not, on or within a building or structure, including its contents. This exclusion applies whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.
>
> 2. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person, entity or governmental authority.
>
> These exclusions do not apply to any "fungi" or bacteria that are on, or are contained in, a good or product intended for human consumption.

(Doc. 23-1 at 8; 11). The 2018 and 2019 policies define "fungi" as "any type or form of fungus, including but not limited to, any mold, mildew, mycotoxins, spores, scents or byproducts produced or released by any type or form of fungus." (Doc. 23-1 at 8; 11).

The 2020 and 2021 policies, in effect from July 30, 2020, to July 30, 2022, also contain a mold exclusion.

> 2. Exclusions
> This insurance does not apply to:
> **Fungi Or Bacteria**
> a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product

> contributed concurrently or in any sequence to such
> injury or damage.
> b.  Any loss, cost or expenses arising out of the
> abating, testing for, monitoring, cleaning up,
> removing, containing, treating, detoxifying,
> neutralizing, remediating or disposing of, or in any
> way responding to, or assessing the effects of, "fungi"
> or bacteria, by any insured or by any other person or
> entity.
>
> This exclusion does not apply to any "fungi" or bacteria that
> are, are on, or are contained in, a good or product intended
> for bodily consumption.

(Doc. 23-1 at 15). In the 2020 and 2021 policies, "fungi" is defined as "any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi." (*Id.*).

In the state court negligence action, Ms. Richeson requests compensation only for bodily injury that resulted from the mold development. Consequently, there is no coverage and Plaintiff does not have a duty to defend because Ms. Richeson's injuries arise out of mold. Because Plaintiff has no duty to defend Meares, it has no duty to indemnify Meares. *See, e.g., Trailer Bridge, Inc. v. Illinois Nat'l Ins. Co.*, 657 F.3d 1135, 1146 (11th Cir. 2011).

Looking at the face of the state court complaint, Ms. Richeson clearly seeks damages only related to mold, notwithstanding her reference to "aforementioned damages." She alleges that Meares performed plumbing services that led to a leak, flooding, and eventual mold development at her house. (Doc. 23-1 at 2-3). She further alleges that as a result of this mold development, she "suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the

enjoyment of life, expense of medical and nursing care and treatment, loss of earnings, and loss of ability to earn money." (*Id*. at 3).

Meares makes much of a few statements by Ms. Richeson during her deposition where she referred to "water damage." Considering these statements in light most favorable to Meares, the uncontroverted facts still bring the state court case outside of coverage. The crux of the complaint is very clear – Ms. Richeson claims that the leak caused by Meares led to eventual mold development. Plaintiff simply does not cover such mold liability in this policy. Even if the initial water leak may have been a covered event, the policy specifically excludes coverage for mold regardless of "any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage." (Doc. 23-1 at 8); *see Empire Indem. Ins. Co. v. Winsett*, 325 F. App'x 849, 851-52 (11th Cir. 2009) (concluding that policy excluded coverage for mold after finding that plain language "in any sequence" was written to exclude application of the efficient proximate cause doctrine). And even if the complaint could be construed to seek compensation for property damage in addition to bodily injury, the mold exclusion would still apply. *See Rolyn Companies, Inc. v. R & J Sales of Texas, Inc*., 671 F. Supp. 2d 1314, 1333 (S.D. Fla. Nov. 2009) (explaining that it did not matter whether company's faulty workmanship caused water intrusion that caused mold growth because the policy excluded coverage for property damage that would not have occurred but for mold regardless of any other cause).

Consequently, the insurer has no duty to defend or indemnify. Plaintiff's motion for summary judgment is granted.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED**:

1) Plaintiff "Southern-Owners Insurance Company's Motion for Summary Judgment and Incorporated Memorandum of Law" (Doc. 23) is **GRANTED**.

2) The Clerk is directed to enter a declaratory judgment in favor of Plaintiff Southern-Owners Insurance Company, and against Defendant Meares Plumbing, Inc., reflecting that Plaintiff owes no duty to furnish a defense or to indemnify Meares under Policy No. 064612-20686233 in *Mitze Richeson v. Meares Plumbing, Inc.*, Case. No. 20-CA-002592 (Fla. 6th Cir. Ct.).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of August, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**